**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0030 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 36-44, 49] |
| GUSTAVO AND FERNANDO AGUILAR, | |
| Defendants. | |

Before the Court are the following motions submitted by defendants Gustavo Aguilar and Fernando Aguilar: (1) Request for Notice under Rule 12(d)(2) [Docket No. 37]; (2) Motion for Rule 404(b) Evidence Regarding Prior or Subsequent Bad Acts [Docket No. 38]; (3) Motion for Revelation and Production of Government Informant Pursuant to *Roviaro v. United States* [Docket No. 39]; (4) Motion for Disclosure of Impeaching Information [Docket No. 40]; (5) Motion to Disclose Government Informants Pursuant to *United States v. Kiser* [Docket No. 41]; (6) Motion to Traverse Search Warrant and Request for Evidentiary Hearing Pursuant to *Franks v. Delaware* [Docket No. 42]; (7) Proposed Questions for *In Camera* Examination of Informant [Docket No. 43]; (8) Request to Reserve Motions [Docket No. 44]; (9) Motion for Notice Pursuant to Rule 12(b)(4) as to the Government's Intent to use Certain Items Seized from his Residence; and (10) an Application for an Order Allowing an *Ex Parte* Motion for a Subpoena of Documents Pursuant to Rule 17(c) [Docket No. 36]. Plaintiff United States of America has filed a Motion *In Limine* for Order Requiring a Proffer for Entrapment Defense [Docket No. 49].

**RULINGS**

A. For the reasons that follow, the Government's Motion *In Limine* for Order Requiring a Proffer for Entrapment Defense [Docket No. 49] is DENIED.

B. With respect to the Defendants' Motions:
1. The Request for Notice under Rule 12(d)(2) [Docket No. 37] is DENIED.
2. Motion for Rule 404(b) Evidence Regarding Prior or Subsequent Bad Acts [Docket No. 38] is GRANTED.
3. Motion for Revelation and Production of Government Informant Pursuant to *Roviaro v.*

         *United States* [Docket No. 39] is DENIED.
4. Motion for Disclosure of Impeaching Information [Docket No. 40] is GRANTED.
5. The Motion to Disclose Government Informants Pursuant to *United States v. Kiser* [Docket No. 41] is DENIED.
6. The Motion to Traverse Search Warrant and Request for Evidentiary Hearing Pursuant to *Franks v. Delaware* [Docket N. 42] is DENIED.
7. The Proposed Questions for *In Camera* Examination of Informant [Docket No. 43] are DENIED as MOOT.
8. The Request to Reserve Motions [Docket No. 44] is DENIED.
9. The Motion for Notice Pursuant to Rule 12(b)(4) as to the Government's Intent to use Certain Items Seized from his Residence is GRANTED.
10. The Application for an Order Allowing an *Ex Parte* Motion for a Subpoena of Documents Pursuant to Rule 17(c) [Docket No. 36] is DENIED.

## BACKGROUND

Defendants Gustavo Aguilar and Fernando Aguilar are each charged with one count of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine in violation of 21 U.S.C. § 846, and two counts of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See* Docket No. 10 (Indictment filed January 18, 2007).

In October 2006, a confidential informant ("CI") both parties refer to as "Dave," allegedly bought a kilo of cocaine from the Aguilar brothers for $17,000.

On November 22, 2006, the CI and Fernando met at a Mexican restaurant in Modesto, California. After leaving, the government asserts that Fernando showed the CI seven to ten large slivers of what appeared to be methamphetamine and they discussed arranging a purchase on November 30, 2006. On that date, according to the government, Gustavo and Fernando met with the CI in the parking lot of a retail store in Byron, California, where the CI purchased methamphetamine for $12,000.

On December 6, 2006, the CI met with Fernando and Gustavo again to discuss a transaction for 20 pounds of methamphetamine, a kilo of cocaine, and a gun. At this meeting the CI brought along an undercover Drug Enforcement Agent named Waleed Arabshahi.

On December 15, 2006, the CI met Gustavo in a movie theater parking lot in Pittsburg, California, where Gustavo purportedly showed the CI 20 pounds of methamphetamine. Gustavo was arrested at that time. Later in the day, Fernando was arrested at his place of business. Both of their houses were searched. No contraband was found at Fernando's house. Marijuana, methamphetamine,

and paraphernalia were discovered at Gustavo's residence.

Gustavo and Fernando Aguilar are asserting the defense of entrapment and seek the identity and address of the CI in furtherance of this defense. According to the defendants, the CI "is the origin of the investigation culminating in the arrest of both defendants, who in fact provided alleged information about them while in custody on another offense. Each defendant disputes material portions of the reported allegation made against him by said informant." Docket No. 40, at 3-4.

**LEGAL STANDARDS**

Entrapment has two elements: (1) government inducement of the crime and (2) the absence of predisposition on the part of the defendant. *See United States v. Sandoval-Mendoza*, 472 F.3d 645, 648 (9th Cir. 2006); *United States v. Ross*, 372 F.3d 1097, 1108 (9th Cir. 2004); *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003). Inducement is any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense. *See Sandoval-Mendoza*, 472 F.3d at 648; *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). With respect to the second element, five factors are relevant to the predisposition analysis: "(1) the character and reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." *United States v. Martinez*, 122 F.3d 1161, 1163 (9th Cir. 1997). Of these, the defendant's reluctance is the most important. *Id.*; *United States v. Mendoza-Prado*, 314 F.3d 1099, 1102 (9th Cir. 2002) (per curiam).

To raise entrapment, a defendant need only point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so. *Poehlman*, 217 F.3d at 698. Once the defendant makes an initial showing, the burden shifts to the government to proved beyond a reasonable doubt that the defendant was not entrapped. *See Ross*, 372 F.3d at 1108; *Jacobson v. United States*, 503 U.S. 540, 548-49 (1992); *United States v. Burt*, 143 F.3d 1215, 1218 (9th Cir. 1998).

3

In order to prove entrapment as a matter of law, a defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent.  *See Sandoval-Mendoza*, 472 F.3d at 649; *Mendoza-Prado*, 314 F.3d at 1102.  "Where government agents merely make themselves available to participate in a criminal transaction, such as standing ready to buy or sell illegal drugs, they do not induce commission of the crime." *Poehlman*, 217 F.3d at 701.

### ANALYSIS

**1.     The United States' Motion *In Limine* to Require a Proffer for Entrapment Defense**

The government posits that defendants Fernando and Gustavo Aguilar "should be required to proffer facts supporting an entrapment defense before they are permitted to raise the issue in their pretrial motions or at trial.  If the Aguilars are unable to make a sufficient proffer, the Court should rule in advance of trial that it will not consider entrapment in ruling on the pretrial motions or provide an entrapment jury instruction."  Docket No. 49, at 1.  The government maintains that pretrial resolution of entrapment is proper, relying on *United States v. Goodacre*, 793 F.2d 1124 (9th Cir. 1986), and *United States v. Santiago-Godinez*, 12 F.3d 722 (7th Cir. 1993).  Neither case, however, supports the proposition that the Court may resolve this issue as a matter of law at this point.

In *United States v. Goodacre*, 793 F.2d 1124, 1124 (9th Cir. 1986), the Ninth Circuit simply held that the district court did not err "in ruling that an offer of proof did not show the requisite degree of government responsibility for an alleged entrapment to submit the entrapment question *to a jury*" (emphasis added).

And in *United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1994), the Seventh Circuit explained:

> The issue of whether there is sufficient evidence of entrapment to support submission of that defense to a jury typically arises after the evidence has been received at trial. "[U]nless it can be decided as a matter of law, the issue of whether a defendant has been entrapped is for the jury as part of its function of determining the guilt or innocence of the accused." *Sherman v. United States*, 356 U.S. 369, 377, 78 S.Ct. 819, 823, 2 L.Ed.2d 848 (1958).  So, generally the question of entrapment is one for the jury, rather than for

4

the court. *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). And whether or not an entrapment defense is available to a defendant is typically not amenable to pretrial resolution. This is because whether entrapment occurred is a factual issue; the defense of which is intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution. *See Fadel*, 844 F.2d at 1430 and cases cited therein.

Thus, pretrial resolution of the entrapment defense by the Court as a matter of law is not warranted at this stage. *See United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000) (whether a defendant was entrapped is generally a question for the jury); *cf. United States v. Freed*, 401 U.S. 601, 607 (1971) (entrapment "is an issue for the trial, not for a motion to dismiss"). Therefore, this motion is denied.

**2.      Request for Notice under Rule 12(d)(2) [Docket No. 37]**

The defendants "move the Court for an order compelling notice by the government of its intention to use in its case in chief at trial any evidence which [they] may be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure." Docket No. 37, at 1. Although styled as a motion pursuant to Rule 12(d)(2), it is clear the defendants are invoking Federal Rule of Criminal Procedure 12(b)(4)(B). This Rule reads:

> **(B) At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Compliance with a defense request under Rule 12(b)(4)(B) is mandatory and does not require any court action. *See* FED. R. CRIM. P. 12(b)(4)(B) advisory committee note; *see also United States v. Holmes*, 2007 WL 2900438, at *2 (E.D. Wis. 2007). Given that there is no indication at this time that the government has not or will not comply with Rule 12(b)(4)(B), this motion is denied as moot.

**3.      Motion for Rule 404(b) Evidence Regarding Prior or Subsequent Bad Acts [Docket No. 38]**

The defendants seek an order directing "the government to disclose whether it intends to introduce any evidence in its case-in-chief against defendants regarding prior or subsequent misconduct,

5

prior or subsequent 'bad acts', or prior or subsequent criminal conduct which is not charged . . . ." Docket No. 38.

Federal Rule of Evidence 404(b), dealing with character evidence, declares:

> **(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The government does not respond to this motion specifically. In any event, the motion should be granted. A precondition for admission of such evidence is the "reasonable notice in advance of trial" of prosecution's intent to introduce such evidence. FED. R. EVID. 404(b). Failure to provide notice or obtain an excuse from the court renders the other act evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment. *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999). Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues. *Id.*

The only question at this point is how much notice is reasonable, as there are no specific time limits with Federal Rule of Evidence 404(b). *See United States v. Williams*, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992). Courts have generally found that providing a defendant with between one and three weeks notice prior to the start of trial of any evidence the government intends to introduce under Rule 404(b) is reasonable. *See, e.g., United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (notice of fourteen days prior to trial is sufficient under Rule 404(b)); *United States v. Giampa*, 904 F. Supp. 235, 283 (D.N.J. 1995) (directing the government to provide notice two weeks before trial); *United States v. Pelini*, 896 F. Supp. 795, 797 (N.D. Ill. 1995) (finding three weeks notice reasonable); *Williams*, 792 F. Supp. at 1133 (tens days prior to start of trial is presumptively reasonable); *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) (ordering notice seven days before trial). Therefore, the Court grants this motion and directs the government to notify the defense of any Rule 404(b) evidence that it intends to rely upon at least two weeks in advance of the start of trial.

**4.      Motion for Revelation and Production of Government Informant Pursuant to *Roviaro v. United States* [Docket No. 39]**

The defendants contend that "[t]he informant in this case is a percipient witness with firsthand knowledge of critical issues, such as the defendants' character and reputation (including their lack of any criminal history); the nature of the government's inducement; whether the government initially suggested the criminal activity; whether the defendants were engaged in this activity for profit; whether the defendants evinced reluctance; and other related factors." Docket No. 39, at 5. Accordingly, they request "an order directing the government to disclose to the defense the identity of the confidential source(s)/informants(s) in this case; and produce said informant(s) for interview or potential testimony; and for revelation of the locations, addresses, and whereabouts of said informant(s)." Docket No. 39, at 1.

While the government has a limited privilege to withhold the identity of a confidential informant, in *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957), the Supreme Court held that an informant's identity must be revealed whenever it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." *See also United States v. Wong*, 886 F. 2d 252, 255-256 (9th Cir. 1989). The defendant, however, bears the burden of demonstrating the need for disclosure. *See United States v. Sanchez*, 908 F. 2d 1443, 1451 (9th Cir. 1990); *see also United States v. Johnson*, 886 F. 2d 1120, 1122 (9th Cir. 1989). The defense must demonstrate more than a mere suspicion that the informant has information which will prove relevant and helpful to his defense, or that will be essential to a fair trial. *See United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001); *Johnson*, 886 F.2d at 1122. If a minimum threshold showing is made that disclosure would bear on at least one defense, an *in camera* hearing is justified. *See United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993).

Here, the government agrees that the CI is a percipient witness pursuant to *Roviaro*, and that the identity of the CI must be disclosed. *See* Docket No. 50, at 6. The United States has related to defense counsel that it will "disclose the particulars of the informant 7 days before commencement of the jury

7

trial." *Id*.

The defendants counter that disclosure of the CI only seven days before trial compromises their right to effective assistance of counsel and that the disclosure must be timed to enable their effective preparation of trial, citing *United States v. Higgs*, 713 F.2d 39, 43-44 (3d Cir. 1983).

The defendants, however, are not entitled to have the CI produced in advance of trial. *See United States v. Taren-Palma*, 997 F.2d 525, 534 (9th Cir. 1993) (per curiam); *United States v. Bonilla*, 615 F.2d 1262, 1264 (9th Cir. 1980) (per curiam); *United States v. Kong*, 55 Fed. Appx. 469, 469 (9th Cir. 2003) (unpublished); *United States v. Maroun*, 930 F.2d 30, at *7 (9th Cir. 1991) (unpublished) ("A defendant is entitled to learn the identity of an informer if the informant is a percipient witness, but he is not entitled to have the informant produced in advance of trial").

Based upon the government's acknowledgment of its obligation to disclose the CI as a percipient witness, and its agreement to do so seven days in advance of trial, the defendant's motion is denied.

As for the defendants' request for the CI's address prior to trial, the Ninth Circuit addressed this issue in *United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1979). The Ninth Circuit reasoned that if a court "could curtail cross-examination into an informant's residence because of demonstrated danger to his physical safety, it would not be error to refuse such disclosure prior to trial." *Id.* at 745. The Ninth Circuit noted, "it is no secret that informers whose identities are revealed prior to trial are often 'among the missing' when the trial date finally arrives." *Id.*

In this case, the pre-trial request for the CI's address is premature, and, at this point, not shown as necessary to the defense. This portion of the motion is also denied.

**5.     Motion for Disclosure of Impeaching Information [Docket No. 40]**

The defendants have submitted a motion impeaching information "specifically directed, but not limited to the person known to the defendants as 'Dave," the confidential informant who precipitated the investigation . . . ." Docket No. 40, at 1. Among other things, the defendants are requesting any and all consideration or promises of consideration given to the CI; any and all threats made by the

8

government; any and all prosecutions; prior felony convictions; prior misconduct or "bad acts;" physical or psychological examinations; psychiatric records; identification of occasions of testifying before any court; a list of cases and investigations in which the CI has participated; a statement of all monies or promises of monies given or made to the CI; all reports, files, notes, photos, tape recordings and/or other evidence gathered or provided by the CI; and copies of all statements made by the CI.

The government has an obligation to disclose material favorable evidence in the government's possession, including impeachment evidence, to a criminal defendant. *See United States v. Bagley*, 473 U.S. 667, 675-77 (1985); *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir. 1989) ("[t]he obligation under *Brady* to produce evidence material to a defendant's guilt or punishment includes production of impeachment evidence"); *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1993) ("*Brady* information includes 'material . . . that bears on the credibility of a significant witness in the case.'").

The government states that it "agrees with many of the defendants' requests, while others are overbroad, or not covered by Brady." Docket No. 50, at 12. With respect to consideration, incentives, payments, and inducements, "The United States agrees that all benefits, incentives, promises and payments of any kind made to the informant must be disclosed." *Id*. The government also states that with respect to prior conduct, prior untruthfulness, and criminal records, it "intends to produce the informant[']s criminal record, if any, and any convictions for a crime involving false statements or dishonesty as requested." *Id*. at 13. This portion of the motion is granted.

With respect to the defendants' request for "any and all records and information revealing prior misconduct or bad acts attributed to the informants, including but not limited to any acts of misconduct conducted by them," the government objects to this as being overbroad. The government states that it will provide the informant's criminal history record, and the defendants may discovery the further information themselves, citing *United States v. Bracy*, 67 F.3d 1421, 1428-29 (9th Cir. 1995) (government providing defense with the criminal history records was sufficient to comply with *Brady* obligations), and *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed *Brady* material on his own, there

is no suppression by the government"). As the government is providing the informant's criminal history, this portion of the motion is denied as moot.

The government also objects to the disclosure of the CI's involvement with prior unrelated cases. The defendants have requested:

> 9. The existence and identification of each occasion on which any witness or informant has testified before any court, grand jury or other tribunal or body in connection with that informant's undercover work.
> 10. A list of cases and investigations in which the informant in this matter has acted as a cooperating individual, either as an informant, or in an undercover capacity, together with the location and identity of any criminal filing resulting from that cooperation; this request is specifically directed to, but not limited to, cases filed or held in abeyance as a result of the informant's participation with the government.

Docket No. 40, at 4.

The defense provides no explanation of how such a list would be material. Without some suggestion of materiality, the defendants' request if far too broad. *See United States v. Abonce-Barrera*, 257 F.3d 959, 969-70 (9th Cir. 2001) (no *Brady* violation where district court denied a request for a list of all the cases on which the informant had worked, where defendant did not show materiality of the prior cases); *United States v. Cutler*, 806 F.2d 933, 935 (9th Cir. 1986) (per curiam) (detailed information about a previous unrelated investigation involving the informant could be withheld). This portion of the motion is denied.

Concerning the requests for all statements made by the CI, the government states that "[a]ll the consensually recorded conversations in this case were disclosed to the defense months ago. Transcripts of those conversations have been disclosed as they have been made available. All of the ATF reports regarding those consensually recorded conversations have already been disclosed." Docket No. 50, at 15. This portion of the motion is denied as moot.

Lastly, the government objects to the pre-trial discovery of information regarding informants and prospective government witnesses. The government's objection is well-founded based upon the limitations to such pretrial discovery set by Federal Rule of Criminal Procedure 16 and the Jencks Act.

First, Federal Rule of Criminal Procedure 16(a)(2) provides that:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Rule 16(b)(2) adds:

> **(2) Information Not Subject to Disclosure.** Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
> **(A)** reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or
> **(B)** a statement made to the defendant, or the defendant's attorney or agent, by:
> **(i)** the defendant;
> **(ii)** a government or defense witness; or
> **(iii)** a prospective government or defense witness.

And finally, under the Jencks Act, 18 U.S.C. § 3500:

> **(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> **(b)** After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Thus, the portion of the motion seeking all information regarding informants and prospective government witnesses is denied.

**6.   Motion to Disclose Government Informants Pursuant to *United States v. Kiser* [Docket No. 41] and Motion to Traverse Search Warrant and Request for Evidentiary Hearing Pursuant to *Franks v. Delaware* [Docket No. 42]**

The defendants maintain that the affidavit in support of the issuance of the search warrants for their homes and vehicles contain misrepresentations supplied by the CI, warranting a challenge to the validity of the search warrants.

> Defense contends that this witness provided false information in the affidavit later submitted in support of probable cause for the subsequent search of Gustavo Aguilar and Fernando Aguilar's homes and vehicles, and accordingly must be produced at a Franks

11

> evidentiary hearing as a material witness to challenge the veracity of the affidavit, and confirm the deliberate falsity and reckless disregard within the four corners thereof.

Docket No. 41, at 2. Accordingly, "defendants request revelation of the location, address and whereabouts of said informant, disclosure of this informant at an *in camera* hearing, and further production of this informant to testify at a Franks evidentiary hearing as material witnesses [sic]." Docket No. 41, at 2.

A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *See United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)); *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000); *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). If a defendant fails to articulate any substantial reason why he should be entitled to the confidential information, disclosure is not appropriate. *See United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006); *Napier*, 436 F.3d at 1139.

Given the assumption of validity underlying a supporting affidavit, a party moving for a *Franks* hearing must submit "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) (citing *Franks*, 438 U.S. at 171); *United States v. Garcia-Cruz*, 978 F.2d 537, 540 (9th Cir. 1992). The need for an offer of proof is set forth in the *Franks* opinion itself:

> There is, of course, a validity with respect to the affidavit supporting the search warrant. To mandate the evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks v. Delaware*, 438 U.S. at 171; *see also Kiser*, 716 F.2d at 1271 ("[t]he allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits"); *United States v.*

12

*Mathison*, 157 F.3d 541, 548 (8th Cir. 1998) ("The requirement of a substantial showing 'is not lightly met' . . . A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing.").

In addition, "The offer of proof [for a *Franks* hearing] must challenge of the veracity of the affiant, not that of his informant." *Kiser*, 716 F.2d at 1271; *see also United States v. Staves*, 383 F.3d 977, 983 (9th Cir. 2004) ("A *Franks* motion must challenge the veracity of the affiant"); *United States v. Perdomo*, 800 F.2d 916, 920-21 (9th Cir. 1986); *United States v. Roddy*, 119 Fed. Appx. 126, 129 (9th Cir. 2004) (unpublished).

Here there is an insufficient offer of proof. The defendants' offer of proof is limited to the declaration of their counsel. *See* Docket No. 42. This declaration reads:

> In establishing an offer of proof to satisfy the substantial preliminary showing that the material in the affidavit was either knowingly and intentionally false or made with a reckless disregard for the truth, we hereby incorporate the memorandum in support of this Franks motion, as well as everything averred in the facts and body of defendants' Kiser motion, as true and correct to the best of our knowledge, based upon a review of all the discovery provided in the case, interviews with Gustavo and Fernando Aguilar and our own investigation.
> It is our information and belief that Agent Elmer included the following **false** information in his search warrant affidavit, without any independent corroboration, prior to presentation to the issuing magistrate:
> 1. The informant told SA Humphries in the middle of October 2006 that illegal narcotic/firearm transactions were being conducted by Fernando and Gustavo;
> 2. The informant further advised that they are moving large amounts of narcotics in the East Bay;
> 3. The informant claims he met the Aguilar brothers at the end of August 2006 at a remote location and set a purchase for one kilo of cocaine for $17,000.00; and
> 4. Two days later the informant met with them at a secret location, was blindfolded and driven around to an unknown residence. While at residence saw kilos of powder cocaine packaged in 1/4 bags, in blocks and cut very even. The CI obtained 4 blocks of cocaine in 1/4 kilo bags in exchange for $17,000.00 in cash;
> It is my information and belief that all above information in paragraphs (1)-(4) is materially false information and that Special Agent Drew Elmer (ATF) acted in reckless disregard for the truth, when he included uncorroborated hearsay information from Special Agent Humphries to bolster his showing of probable cause for the issuance of the search warrants in this case.
> It is my information and belief that the additional facts and statements set forth in the accompanying Memorandum of Points and Authorities in Support of Motion to Traverse Warrant, as well as Defendant's Kiser Motion, and Request for Evidentiary Hearing Pursuant to Franks v. Delaware are true and correct.
> Counsels' declaration is based on a review of discovery furnished by the

1 government, interviews with the defendants, and independent investigation.
2 Docket No. 42 (Decl. of Counsel).

3 There has been no offer of proof based on sworn affidavits of witnesses, only the conclusory declaration of counsel, premised solely upon their information and belief. *Cf. Napier*, 436 F.3d at 1137 (upholding denial of *Franks* hearing where "[t]he sole basis offered [by the defendant] for his potential *Franks* motion was his naked claim that he never sold drugs to anyone . . . ."). This allegation of defense counsel, standing alone, without an offer of proof in the form of a sworn affidavit of a witness, is not a substantial showing of deliberate falsehood or of reckless disregard for the truth to warrant a *Franks* hearing.

### 8. Proposed Questions for *In Camera* Examination of Informant [Docket No. 43]

Given that the defendants have failed to make a substantial preliminary showing that the affidavit contained intentionally or recklessly false statements or misleading omissions warranting a *Franks* hearing, their proposed questions for an *in camera* examination of the CI are moot.

### 9. Request to Reserve Motions

Defense counsel has requested "an order allowing defendants to reserve the filing of additional motions counsel may determine have merit and are essential to the effective representation of their clients. This request includes but is not limited to a Motion to Dismiss the Indictment Based on Fifth Amendment Violation of Due Process of Law." Docket No. 44. The government opposes the motion, arguing that a motion to dismiss the indictment should be brought concurrently with the defendants' other motions.

There is no trial date set in this case. Thus, other than Speedy Trial Act considerations, there is no motion deadline preventing the defendants from filing further motions. The request to "reserve" motions is not necessary. This request is denied.

14

**10.   The Motion for Notice Pursuant to Rule 12(b)(4) as to the Government's Intent to use Certain Items Seized from his Residence [Docket No. 45].**

The defendants request notice pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) of whether the government intends to use in its case-in-chief certain items seized from defendant Fernando Aguilar's house. These items are documents "pertaining to Malisa McCloyn and/or Ramon M. Day and/or 9956 Benevento Way, Elk Grove, California 95758." Docket No. 45.

Federal Rule of Criminal Procedure 12(b)(4)(B) reads:

> **(B) At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

In response to the motion, "The government agrees that this evidence will not be used in the Government's case-in-chief and submits its concurrence that defendant's motion should be granted." Docket No. 48.

Despite the government's stated intent not to use this evidence in its case-in-chief, the defendants still seek discovery related to these items:

> While the government has agreed not to use said evidence against the defendant in its case-in-chief, Mr. Aguilar requests particularized discovery as to the relevance of these items, purportedly seized from his home, to effectively prepare for its possible use by way of impeachment and/or in rebuttal.
> Specifically, defendant requests discovery to ascertain any nexus between him and these individuals and this location. Defendant also requests any and all reports or memoranda in the government's possession regarding same.

Docket No. 51.

This request is denied. First, it is not evident what "particularized discovery" the defendants are seeking. Second, there are limitations on pretrial discovery. For instance, Federal Rule of Criminal Procedure 16(a)(2) provides that:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Rule 16(b)(2) adds:

**(2) Information Not Subject to Disclosure.** Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
    **(A)** reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or
    **(B)** a statement made to the defendant, or the defendant's attorney or agent, by:
        **(I)** the defendant;
        **(ii)** a government or defense witness; or
        **(iii)** a prospective government or defense witness.

And, under the Jencks Act, 18 U.S.C. § 3500:

**(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

**(b)** After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Accordingly, while the motion should be granted, the additional request for "particularized discovery" is denied.

**11.** **Application for an Order Allowing an *Ex Parte* Motion for a Subpoena of Documents Pursuant to Rule 17(c) [Docket No. 36]**

As a final matter, the defendants have filed an application for an order allowing the defendants to file an *ex parte* motion under seal for a subpoena of documents pursuant to Federal Rule of Criminal Procedure 17(c). *See* Docket No. 36. They have simultaneously filed the *ex parte* motion. By way of the subpoena, the defendants are seeking all records related to telephone numbers (925) 864-5803 and (925) 777-1013 for the period between June 2006 and December 2006, from Sprint Spectrum Carrier. The defendants state:

> Revelation of the requested records will be meaningful to potentially locating and identifying the informant, and to the ultimate defense of entrapment.
> Defense counsel reasonably believes that such telephone numbers and the calls documented on their records will corroborate that there were multiple contacts between informant(s) and defendants creating their entrapment, that were not <u>monitored</u> and

<u>unknown</u> to law enforcement.

Sealed Motion, at 2.

Local Criminal Rule 17-2(a)(1) provides that:

> An order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion pursuant to Crim. L.R. 47-2 or, for good cause, an *ex parte* motion without advance notice to the opposing party. An *ex parte* motion and order thereon may be filed under seal for good cause. A party requesting a subpoena must support its request by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed order.

In this case, there is nothing in the motion or the sealed application demonstrating good cause for filing the motion *ex parte* and without notice to the government and without a chance for the government to oppose the motion. The defendants do not address why this motion should not have been noticed, and it is not apparent from their submissions to the Court why notice should be required. The motion is therefore denied.

IT IS SO ORDERED.

November 27, 2007                                  _____*Saundra B Armstrong*_____
                                                   Saundra Brown Armstrong
                                                   United States District Judge

17